IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| DNCSI SOLUTIONS LLC, | ) | |
|     Plaintiff, | ) | Civil Action No. 5:19-cv-00070 |
| | ) | |
| | ) | <u>MEMORANDUM OPINION</u> |
| v. | ) | |
| | ) | By:    Joel C. Hoppe |
| LANDMORE, INC. et al., | ) | United States Magistrate Judge |
|     Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff DNCSI Solutions LLC's ("Plaintiff") Motion and Memorandum for Leave to File a Second Amended Complaint ("Motion"). ECF No. 49. For the reasons stated below, the Plaintiff's Motion, ECF No. 49, will be GRANTED.

I. Background and Procedural History

Jared McLaughlin[1] initially filed this action in the Winchester City Circuit Court on September 4, 2019, alleging eight counts against Landmore Inc., Isabella Enterprises, Inc., and four individually named defendants, including Sheryl Rees Dastjerdi ("Dastjerdi") and Kamran Heydari-Dastjerdi ("Heydari-Dastjerdi"). *See* Notice of Removal Ex. A, Compl., ECF No. 1-2. On September 26, the case was removed to this Court. Notice of Removal, ECF No. 1. The defendants filed a Motion to Dismiss for Failure to State a Claim on October 3. ECF No. 8. Mr. McLaughlin hired counsel on October 18, *see* Pl.'s Reply 1, ECF No. 54, who then filed an Amended Complaint on October 23, ECF No. 13. The Amended Complaint named DNCSI Solutions, LLC as Plaintiff and alleged two counts of breach of contract against Landmore Inc.

---

[1] At the time the case was filed, Mr. McLaughlin was the sole member of DNCSI Solutions, LLC. On May 28, 2020, Stacey McLaughlin became the sole member of the company. *See* Pl.'s Proposed Second Am. Compl. 2, ECF No. 49-1.

1

and Isabella Enterprises, Inc. (collectively the "Defendants"). *See generally* Am. Compl.[2] The Plaintiff alleged that it entered into a "Commission Agreement" and an "Amended Commission Agreement" with Defendant Isabella and an "Independent Contractor Services Agreement" with both Defendants. Plaintiff further alleged that the Defendants breached the respective Agreements. On February 19, 2020, the Honorable Elizabeth K. Dillon, United States District Judge, entered a Scheduling Order setting the deadline for motions to amend pleadings and add parties as one hundred twenty (120) days from the date of the Order, or June 18, 2020. ECF No. 24 The Plaintiff filed the instant Motion on June 18. The Defendants filed their memorandum in opposition, ECF No. 53, and the Plaintiff filed a Reply, ECF No. 54, in July. On August 31, 2020, this Court held a hearing on the Motion. The matter is now ripe for decision.

## II. The Legal Framework

Under the Federal Rules of Civil Procedure, a party may seek leave from the court to amend its pleadings, and the court should grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). "Despite this general rule liberally allowing amendments, . . . a district court may deny leave to amend if the amendment 'would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013) (quoting *Laber*, 438 F.3d at 426).

In *Laber*, the Fourth Circuit discussed the prejudice inquiry:

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one

---

[2] It did not list Dastjerdi or Heydari-Dastjerdi as named defendants. *See id.* at 2; Staff Note of Oct. 23, 2019.

2

> that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." [*Johnson v. Oroweat Foods Co.*, 785 F.2d 53, 509 (4th Cir. 1986).] An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

438 F.3d at 427 (parenthetical explanation omitted). The "further the case [has] progressed . . . , the more likely it is that the amendment will prejudice the defendant or . . . a court will find bad faith on the plaintiff's part." *Id.* "Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend." *Id.*

A "court determining whether to grant a motion to amend" that would add parties to the action "must consider both the general principles of the amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001). Under the permissive joinder rule, defendants may be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A), (B). The purpose of the rule is to promote convenience and efficiency. *See Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)). The "transaction or occurrence test" permits all "reasonably related claims" to be tried in a single proceeding. *Id.* (internal quotation marks omitted).

### III. Discussion

In its proposed amended complaint, the Plaintiff seeks to add Dastjerdi and Heydari-Dastjerdi as named defendants and assert two counts against them to pierce the corporate veil.

3

*See* Pl.'s Proposed Second Am. Compl. 1–2. The Plaintiff alleges that Dastjerdi and Heydari-Dastjerdi were at all times "in complete control of the corporate defendants." *Id.* ¶ 2; *see id.* ¶¶ 7–12. The Plaintiff further alleges that Dastjerdi and Heydari-Dastjerdi commingled personal funds with the Defendants to pay the Defendants' debts and the Defendants were deliberately undercapitalized. *See id.* ¶¶ 36, 38–39, 72–73, 76. Building on those allegations, the Plaintiff claims that Dastjerdi and Heydari-Dastjerdi are alter egos of the Defendants and jointly liable to the Plaintiff for breaches of the Agreements.

The Plaintiff moved to amend its complaint fairly late in the case schedule, but before discovery closed and before any dispositive motions were filed with respect to this pleading. *See* ECF Nos. 16, 24, 25. Indeed, the Plaintiff represented, and the Defendants do not dispute, that some written discovery has occurred, and no depositions have taken place. Trial was six months away when the Plaintiff filed its motion. ECF No. 24. Thus, the case was not on the verge of being resolved by dispositive motion or a jury verdict. Accordingly, the stage of the case weighs against finding prejudice or bad faith. *See Laber*, 438 F.3d at 427.

The Defendants argue that the proposed amended complaint will cause prejudice because it adds new theories to the case. The Plaintiff does seek to bring alter ego claims against Dastjerdi and Heydari-Dastjerdi, and those claims will introduce a new legal theory of liability. Nevertheless, the alter ego claims build upon the existing facts and claims asserted against the Defendants, and the Plaintiff cannot bring stand-alone alter ego claims against Dastjerdi and Heydari-Dastjerdi. "Piercing the corporate veil is not an independent cause of action. Rather, piercing the corporate veil is a method of imposing liability on an underlying cause of action. Therefore, [a plaintiff] cannot maintain a separate cause of action against [a defendant] based solely on an *alter ego* theory." *Shearson Lehman Hutton, Inc. v. Venners*, No. 97-1849, 1998 WL

4

761505, at *2 (4th Cir. Nov. 2, 1998) (per curiam) (internal citations omitted). The Plaintiff's proposed alter ego claims provide a vehicle to impose liability on Dastjerdi and Heydari-Dastjerdi on the underlying cause of action in this case—the Defendants' alleged breaches of the Agreements. *See* Pl.'s Proposed Second Am. Compl. ¶¶ 71–92. Furthermore, the Plaintiff does not seek to add any substantive claims against the Defendants. The claims against the Defendants in the proposed second amended complaint are the same as those in the first amended complaint. *Compare* Am. Compl. ¶¶ 29–54, *with* Pl.'s Proposed Second Am. Compl. ¶¶ 46–70. Although the Defendants may suffer some prejudice caused by defending ancillary claims against their owners and shareholders, I do not find that this prejudice outweighs the policy of liberally allowing a party to amend its pleadings.

Additionally, the Defendants contend that the Plaintiff's proposed amendment is in bad faith. In the Defendants' view, the Plaintiff knew the facts alleged in the proposed second amended complaint when the case was initially filed in state court because this proposed pleading reinstates two of the individually named defendants and alleges facts that were in the original complaint, but not in the first amended complaint. The Plaintiff does not dispute that the factual allegations in the initial complaint and proposed second amended complaint are similar. The Defendants' assertion, however, ignores the fact that the initial complaint was filed *pro se* and Plaintiff's counsel was retained only five days before the deadline for Plaintiff to respond to Defendants' Motion to Dismiss or amend its complaint as a matter of right. *See* Pl.'s Reply 1 (citing Fed. R. Civ. P. 15(a)(1)(B)). Additionally, as both parties note, Defs.' Mem. in Opp'n 10; Pl.'s Reply 5, piercing the corporate veil is an extreme remedy. *C.F. Trust, Inc. v. First Flight Ltd. P'Ship*, 306 F.3d 126, 134 (4th Cir. 2002). Recognizing this standard, Plaintiff's counsel determined to exclude those claims from the first Amended Complaint so that counsel could

investigate them further. This approach was prudent and reasonable. Nonetheless, it resulted in a seven-month delay from the filing of the amended complaint in November 2019 to the filing of the instant Motion in June 2020.

A district court has some latitude in determining whether a delay is prejudicial or the result of bad faith depending upon the particular facts and circumstances of the case. Here, I do not find that a seven-month delay shows that the Plaintiff acted in bad faith. It was reasonable for the Plaintiff to investigate and develop a factual basis, through review of its own records and engaging in discovery, to assert claims to pierce the corporate veil before moving to amend the complaint. Defendants responded to Plaintiff's written discovery requests on May 29, 2020, ECF Nos. 35 to 38, just three weeks before Plaintiff sought leave to amend its complaint a second time. Additionally, the parties in this case spent May and June litigating discovery issues. *See* ECF Nos. 29 to 34, 40, 47, 52. Thus, it appears that Plaintiff promptly filed the Motion within weeks after obtaining the discovery that Plaintiff's counsel asserted he required to develop a reasonable factual basis for the claims asserted in the proposed second amended complaint. The Defendants do not point to any information that convincingly shows that the Plaintiff's timing is the product of bad faith. Moreover, "[d]elay alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F. 3d 231, 242 (4th Cir. 1999). Although the Plaintiff perhaps could have acted more quickly to file its motion, I do not find that the delay was excessive or that it caused prejudice to the Defendants sufficient to override the federal judicial policy of resolving cases on their merits.

The Plaintiff's proposed amended complaint also seeks to reinstate Dastjerdi and Heydari-Dastjerdi as individual defendants. The underlying cause of action concerns the Defendants' alleged breaches of the Agreements. Neither Dastjerdi nor Heydari-Dastjerdi is a

party to those Agreements, but the Plaintiff's claims asserted in the proposed second amended complaint would extend liability to Dastjerdi and Heydari-Dastjerdi as alter egos of the Defendants for breaches of the Agreements. The Plaintiff alleges that Dastjerdi and Heydari-Dastjerdi commingled personal funds and property to pay the Defendants' debts because the Defendants were deliberately undercapitalized. Evidence of the Defendants' actions under the Agreements and the actions of Dastjerdi and Heydari-Dastjerdi will likely overlap. *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003, 2018 WL 2008860, at *6 (D. Kan. Apr. 30, 2018) ("Courts are usually 'inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court.'") (quoting 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1653 (3d ed. 2001)). Thus, it is clear that the Plaintiff's right to relief arises from the same transaction or series of transactions, namely the Defendants' performance or non-performance, along with the contributions of Dastjerdi and Heydari-Dastjerdi, under the terms of the Agreements. *See RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18cv66, 2019 WL 1880148, at *6 (W.D. Va. Apr. 26, 2019).

      Additionally, the alter ego claims are not stand-alone claims, but are ancillary to the underlying breach of contract claims. *See Shearson Lehman Hutton*, 1998 WL 761505, at *2. The alter ego claims concern the common questions of law and fact involving the Defendants' alleged breaches of the Agreements and Dastjerdi's and Heydari-Dastjerdi's alleged roles in conducting the business of the Defendant entities in such a manner that they were the alter egos of the Defendant entities. Thus, allowing the breach of contract claims and ancillary alter ego claims to proceed in one action will promote efficient resolution of all claims between these

parties on the Agreements. Finally, the Court notes that Dastjerdi and Heydari-Dastjerdi will not be prejudiced by the delay in adding them to the suit as individual defendants. Both Dastjerdi and Heydari-Dastjerdi had notice of the suit because they were originally named as defendants and they are the officers and sole shareholders of the corporate Defendants.

    Accordingly, Plaintiff shall be granted leave to file the proposed second amended complaint and to assert claims against Dastjerdi and Heydari-Dastjerdi. A separate Order will enter.

    The Clerk shall deliver a copy of this Memorandum Opinion to the parties.

ENTERED: September 18, 2020

*/s/ Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge