# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| DNCSI SOLUTIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:19-cv-70 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| LANDMORE INC., *et al.*, | ) By: Hon. Thomas T. Cullen |
| | ) United States District Judge |
| Defendants. | ) |

Magistrate Judge Joel C. Hoppe entered a memorandum opinion and order granting Plaintiff DNCSI Solutions, LLC's motion for leave to file a second amended complaint. Defendants Landmore, Inc., Isabella Enterprises, Inc., Sheryl Rees Dastjerdi, and Kamran Heydari-Dastjerdi ("Defendants") filed four objections to the order. Two of the objections raise arguments that the court considered and rejected. The other two objections fault the magistrate judge's application of the law and failure to address an argument. None of the objections demonstrate that the magistrate judge's ruling was clearly erroneous or contrary to law. The court will overrule the objections.

I.

In June 2020, DNCSI filed a motion for leave to file a Second Amended Complaint. (ECF No. 49.) The proposed Second Amended Complaint re-added Sheryl Rees Dastjerdi and Kamran Heydari-Dastjerdi as individual defendants, included two corporate veil-piercing claims (Counts III and IV), and increased the requested damages. The court referred the motion to the magistrate judge for disposition under 28 U.S.C. § 636(b)(1)(A). Landmore and

Isabella opposed the motion. After briefing, the magistrate judge entered a memorandum opinion and order granting DNCSI's motion (the "Order"). (ECF Nos. 71–72.)

On September 24, 2020, Defendants filed objections to the Order. (ECF No. 76.) Defendants raise the following four objections:

(1) "[F]or the reasons set forth in Defendants' Opposition to [DNCSI's] Motion for Leave to File a Second Amended Complaint" and "for the reasons argued before this Court on August 31, 2020";

(2) The Order places an "improperly high burden on Defendants, including by inserting prejudice and bad faith as elements that need to be met in addition to a finding of any other 'apparent or declared reason,' aside from undue delay";

(3) DNCSI's motion was "dilatory, prejudicial and contrary to the purpose of Federal Rule of Civil Procedure 15"; and

(4) The Order fails to address Defendants' argument that Counts III and IV of the Second Amended Complaint are futile.

(*Id.*)

Under the scheduling order in place at the time,[1] DNCSI had 14 days to file an opposition to the objections. (ECF No. 24 ¶ 13.) DNCSI did not file a timely opposition and the matter is now ripe for disposition.

II.

Federal Rule of Civil Procedure 72(a) allows a party to file an objection to a magistrate judge's nondispositive ruling within 14 days to preserve the issue for appeal. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. §

---

[1] After the relevant time period, the court issued a superseding scheduling order because the parties mutually agreed to change the trial date. (ECF No. 81.)

636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

"A factual finding is clearly erroneous when [the court is] left with the definite and firm conviction that a mistake has been committed." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 196 (4th Cir. 2009) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)). An order is contrary to law if "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted). Any party seeking to overturn a magistrate judge's decision carries a heavy burden. *Id.*

III.

A.

Defendants first object based on "the reasons set forth in Defendants' Memorandum in Opposition to [DNCSI's] Motion for Leave to File a Second Amended Complaint . . . and for the reasons argued before this Court on August 31, 2020." (ECF No. 76.) The reasons set forth in Defendants' opposition can be distilled into three categories: (1) DNCSI was dilatory in seeking leave to amend; (2) DNCSI acted in bad faith by misleading the court; and (3) amendment is futile. Because Defendants essentially rely on their previous objections, the court addresses the relevant arguments in the context of the more specific objections below.

B.

Defendants object to the Order "to the extent that it places an improperly high burden on Defendants, including by inserting prejudice and bad faith as elements that need to be met in addition to a finding of any other 'apparent or declared reason,' aside from undue delay."

3

(ECF No. 76 (quoting *Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W. Va.*, 985 F.2d 164 (4th Cir. 1993)).) The court understands this objection to mean that the magistrate judge's order essentially required Defendants to demonstrate the existence of prejudice and bad faith, on top of any other valid reason to deny leave to amend.

In support of this objection, Defendants cite *Medigen of Kentucky, Inc., v. Public Service Commission of West Virginia*. 985 F.2d at 168. In that case, the Fourth Circuit quoted the Supreme Court in *Foman v. Davis*:

> In the absence of any apparent or declared reasons—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules, require, "be freely given."

*Id.* (quoting 371 U.S. 178, 182 (1962)). As the magistrate judge correctly noted, the Fourth Circuit instructs that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation omitted).

Defendants cite well-established principles that do not help their argument. The Fourth Circuit in *Medigen* found that the district court did not abuse its discretion by allowing amendment despite the fact that the plaintiff "could have asserted its claim earlier." 985 F.2d at 168. Defendants' objection is also unavailing because the magistrate judge considered precisely what the law requires. There is nothing in the Order indicating that a defendant *must* demonstrate prejudice *and* bad faith to thwart amendment; rather, the Order analyzed whether

4

amendment would be prejudicial or if DNCSI brought the motion in bad faith (among other issues) because *Defendants raised those arguments*. (*See* ECF No. 71 at 4–6.) The magistrate judge repeatedly concluded that there were no valid reasons—including prejudice to Defendants or DNCSI's bad faith—to deny leave to amend in light of Rule 15's liberal amendment policy. (*Id.*) Because the magistrate judge applied the correct law and standards, the Order is not "contrary to law."

### C.

Defendants next object to the Order "to the extent that Plaintiff's motion was dilatory, prejudicial and contrary to the purpose of Federal Rule of Civil Procedure 15." (ECF No. 76.) The magistrate judge correctly determined that DNCSI's motion was none of those things.

The Order considered Defendants' argument that the motion was dilatory, and properly concluded it was not. The magistrate judge found that, even though DNCSI moved to amend the complaint "fairly late in the case schedule," it moved before discovery closed and before the parties filed any dispositive motions. (ECF No. 71 at 4.) When DNCSI filed its motion, the parties had only undertaken "some written discovery" and they had not conducted any depositions. The trial, moreover, was six months away. The magistrate judge further found that Defendants had responded to DNCSI's written discovery requests on May 29, 2020—only three weeks before DNCSI sought leave to amend. (ECF No. 71 at 6.) The parties were also litigating discovery issues in May and June of 2020. Finally, DNCSI sought leave to amend within this court's scheduling-order deadline. Considering these circumstances, the magistrate judge concluded that DNCSI's motion was not dilatory because it "promptly filed the Motion within weeks after obtaining the discovery that Plaintiff's counsel asserted he

required to develop a reasonable factual basis for the claims asserted in the proposed second amended complaint." (ECF No. 71 at 6.)

The magistrate judge also correctly concluded that the proposed amendment was not prejudicial. "[A]though prejudice can result where a new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the part of the opposing party, this basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." *Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 118–19 (4th Cir. 2013) (citation omitted). As noted above, this matter was not on the eve of trial when DNCSI sought leave to amend, and the magistrate judge correctly found that the parties had undertaken limited discovery.

Further, "[a]n amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber*, 438 F.3d at 427. The magistrate judge recognized that DNCSI sought to add two theories of liability but did not seek to add any substantive claims. Piercing the corporate veil is merely "a method of imposing liability on an underlying cause of action." (ECF No. 71 at 4-5 (citing *Shearson Lehman Hutton, Inc. v. Venners*, No. 97-1849, 1998 WL 761505, at *2 (4th Cir. Nov. 2, 1998) (per curiam)).) The magistrate judge concluded that, "Defendants may suffer some prejudice caused by defending ancillary claims against their owners and shareholders, [but] I do not find that this prejudice outweighs the policy of liberally allowing a party to amend its pleadings." (*Id.* at 5.)

The magistrate judge also addressed whether amendment was "contrary to" Rule 15 in a variety of contexts and properly considered and rejected Defendants' arguments. The Rule

instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The magistrate judge addressed Defendants' argument that DNCSI knew the relevant facts in the Second Amended Complaint when this matter was filed. Specifically, the magistrate judge examined the nuance of this matter's procedural posture and concluded that fairness required amendment. Then-plaintiff Jared McLaughlin filed the original Complaint *pro se* in state court. McLaughlin retained counsel after Defendants removed this action and only five days before the deadline to respond to Defendants' motion to dismiss or amend the complaint as of right. DNCSI's counsel took a "prudent and reasonable" approach by filing an Amended Complaint, bringing only two breach of contract claims. (ECF No. 71 at 6.) Recognizing that DNCSI waited seven months to seek amendment, the magistrate judge concluded that the delay was reasonable for DNCSI to "investigate and develop a factual basis [through discovery] to assert claims to pierce the corporate veil before moving to amend the complaint." (*Id.* at 6.)

In sum, the magistrate judge addressed whether amendment was dilatory, prejudicial, or contrary to Rule 15. Upon independent review, the court determines that the magistrate judge correctly applied the law and that his findings of fact were not clearly erroneous.

D.

Finally, Defendants object to the Order to the extent that it fails to address Defendants' argument that amending the complaint to add the corporate veil piercing claims (Counts III and IV) is futile. An order is not clearly erroneous or contrary to law merely because it does not address one of the parties' arguments. "[N]either the Magistrate Judge nor this court need address every legal argument advanced by either party." *Marley v. Univ. of S.C.*, No. 3:08-937-CMC-JRM, 2010 WL 3852175, at *2 (D.S.C. Sept. 27, 2010) (declining to find error when a

plaintiff objected to a magistrate judge's report and recommendation on the basis that the report erred by failing to address every argument presented). This objection fails.

IV.

In sum, Defendants cannot demonstrate that the magistrate judge's ruling was either clearly erroneous or contrary to law. For these reasons, Defendants' objections will be overruled. A separate order will follow.

**ENTERED** this 23rd day of October, 2020.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE