UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

|  |  |  |
|---|---|---|
| DNCSI SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5:19-cv-70 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| LANDMORE INC., *et al.*, | ) ) ) | By: Hon. Thomas T. Cullen United States District Judge |
| Defendants. | ) | |

After the court granted Plaintiff DNCSI Solutions, LLC leave to file a Second Amended Complaint, Defendant Isabella Enterprises, Inc. filed the instant motion for leave to file a counterclaim and a motion to dismiss.[1] (*See* ECF Nos. 67, 69.) Isabella seeks leave to file two counterclaims against DNCSI and Jared McLaughlin for violating (1) the Texas Real Estate License Act and (2) the Texas Deceptive Trade Practices and Consumer Protection Act. (*See* ECF No. 69-1.) Isabella contends that the counterclaims are compulsory under Federal Rule of Civil Procedure 13(a)(1) because they arise from the same "transaction or occurrence that is the subject of Plaintiff's Second Amended Complaint and do[] not require adding another party to this case." (ECF No. 69 at 2.) Isabella further states that the counterclaims are based on "newly received information obtained during the discovery process." *Id.*

DNCSI asserts that, even though it has amended its complaint twice, the underlying breach-of-contract claim has remained the same. DNCSI therefore argues that Isabella

---

[1] The court granted in part and denied in part Defendants' motion to dismiss. (*See* ECF Nos. 96–97.)

1

should have filed the counterclaims with its initial responsive pleadings. Finally, DNCSI argues that Isabella should have known from personal experience, through working with DNCSI, and publicly available information in Texas databases that DNCSI did not hold a real estate or law license when it provided brokering services.

Motions for leave to file counterclaims are subject to the same standards as motions for leave to amend pleadings. *See Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 439–40 (4th Cir. 2011). When a motion for leave to file a counterclaim after the scheduling-order deadline has passed,[2] the moving party must satisfy the good-cause standard under Rule 16(b).[3] *See Nourison Rug Corp. v. Parvisian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.")

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When considering whether the moving party has demonstrated good cause, the court "focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cnty.*, 182 F. App'x 156, 162 (4th Cir. 2006)

---

[2] The court must analyze this motion under the scheduling order in place when Isabella filed it, even though the court later entered a superseding scheduling order. (*See* ECF Nos. 24, 81.) Under the prior scheduling order, the deadline to seek amendment was June 18, 2020. (ECF No. 24.) The docket reflects that Isabella filed the instant motion on September 14, 2020, but the court later deemed the motion filed on September 23, 2020. (ECF Nos. 69, 75.) Isabella therefore filed the instant motion approximately three months after the deadline passed.

[3] The prior scheduling order does not state that motions for leave to amend will be considered under Federal Rule of Civil Procedure 15. (*See* ECF No. 24.)

(citation omitted).

The court finds that good cause exists to permit Isabella to file the proposed counterclaims. The court granted DNCSI leave to file its Second Amended Complaint on September 18, 2020, and the court deemed Isabella's motion for leave filed as of September 23, 2020. (ECF Nos. 71–72, 75.) Isabella therefore swiftly moved to file its motion upon learning that DNCSI would be filing a Second Amended Complaint.

Isabella also claims that it seeks leave to file the counterclaims because of newly discovered information. On September 8, 2020, DNCSI stated in its answers to Isabella's second set of interrogatories that it did not possess any professional licenses in Texas during the relevant time period. (ECF No. 68-1.) Regardless of what Isabella knew about DNCSI's lack of professional licensing prior to this suit or what it could determine from public databases, it was reasonable for Isabella to solidify the factual bases for its claims through discovery and then expeditiously seek leave to file any counterclaims.

Upon review of the circumstances, the court finds that Isabella acted with the requisite diligence and has demonstrated good cause. The court will therefore grant Isabella's motion for leave to file a counterclaim. A separate order will issue.

**ENTERED** this 20th day of November, 2020.

*/s/ Thomas T. Cullen*
_____
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE